**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

INSPIRADA COMMUNITY ASSOCIATION; and LEACH, JOHNSON, SONG & GRUCHOW,

    Defendants.

Case No. 2:16-cv-00673-KJD-CWH

**ORDER**

Presently, before the Court is Defendant's Motion to Dismiss (#18). Plaintiff filed a response in opposition (#22) to which Defendant replied (#32). Additionally, before the Court is Plaintiff's Motion to Stay (#35).

**I. Background**

This action arises out of a dispute over property purchased by Robert and Judy Colegrove (hereinafter referred to as the Colegroves) on or about October 22, 2008. The Colegroves financed the purchase with a $211,654 loan from BAC Home Loans Servicing LP, a company which later merged with Plaintiff, Bank of America, N.A., (hereinafter referred to as BANA). The Colegroves' property was managed by a homeowners' association (HOA) run by Defendant, Inspirada Community Association (hereinafter referred to as Inspirada). By March 30, 2011, the Colegroves failed to pay their HOA dues resulting in a debt of $1,608.56. As a result, Defendant law firm, Leach, Johnson, Song & Gruchow (hereinafter referred to as LEACH), who represented Inspirada during foreclosure proceedings, recorded a notice of delinquent assessment lien against the property on April 4, 2011. LEACH then recorded a delinquent assessment lien on June 2, 2011. The foreclosure sale occurred on or about August 22, 2013 and the property was sold to Defendant, LVDG LLC Series 128 (LVDG), for $8,200.00. Pursuant to NRS 116.3116, Inspirada's lien was superior to the

first deed of trust held by BANA which allowed Inspirada to collect the amount it was owed before any other interest holder, including BANA.

BANA claims that the foreclosure price was unreasonably lower than the fair market value and less than four percent of the value of the unpaid principal on the senior deed of trust. On November 6, 2015, BANA submitted the dispute to the Nevada Real Estate Division (hereinafter referred to as NRED) for mediation pursuant to NRS 38.220(1). However, after more than five months passed without NRED scheduling the mediation, BANA proceeded with the present action. BANA now seeks declaratory judgment against all Defendants, and has sought damages from LEACH and Inspirada for wrongful foreclosure and violation of the good faith provisions of NRS 116.1113. LEACH has moved to dismiss Plaintiff's complaint.

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Thus, "[to]survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption

of truth. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not show[n]–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

**III. Discussion**

In its Motion to Dismiss, LEACH presents several arguments as to why this Court should dismiss BANA's claims. LEACH first argues that lawyers owe no duty to third parties when providing legal services to their clients, and therefore LEACH cannot be held liable for the legal services the firm provided to co-Defendant, Inspirada. *See Shawmut Bank, N.A. v. Kress Associates*, 33 F.3d 1477 (9th Cir. 1994) (holding that under California case law, lawyers owe no duty to third parties who are not the beneficiaries of the legal services provided).

However, as BANA has pointed out, it is suing LEACH for conducting the allegedly wrongful foreclosure on behalf of Inspirada, which BANA argues is a collection service rather than a legal service. This distinction is important because lawyers are not exempt from all liability to third parties when acting to collect debt that is owed to their client. *See Fox v. Citicorp Credit Servs, Inc.*, 15 F.3d 1507, 1513 (9th Cir. 1994) (holding that an attorney was not exempt from liability under the Fair Debt Collections Practices Act when that attorney filed an application for a writ of garnishment on behalf of his client). BANA asserts in its Complaint that LEACH facilitated a wrongful foreclosure on the disputed property on behalf of Inspirada. Though

3

BANA does not claim that LEACH is liable under federal debt collection law, LEACH's involvement with the foreclosure is comparable to the actions taken by the attorneys in *Fox*. Additionally, LEACH has failed to provide any binding authority that would definitively extinguish the firm's liability to BANA in this situation. For these reasons, the Court disagrees with LEACH's argument that an attorney owes no duty to a third party in this context.

LEACH also claims that BANA's complaint is barred because BANA failed to mediate the dispute, as required by NRS 38.310, before filing a claim with this Court. NRS 38.310 mandates that any civil action based on the interpretation, application, and enforcement of the governing documents of an HOA, must first be submitted to mediation. Unless the parties agree otherwise, the mediation must be completed within 60 days. NRS § 38.310. Cases that do not comply with these requirements must be dismissed. *Id.*

BANA contends that it submitted this case to NRED thereby exhausting any administrative requirements that NRS 38.310 may impose. Additionally, BANA argues that NRS 38.310 does not apply because it is a beneficiary of a deed of trust, rather than a homeowner. *See U.S. Bank Nat. Ass'n v. NV Eagles*, LLC, Case No. 2:15-cv-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (declining to extend section 38.310 beyond homeowners in disagreement with their HOAs); *See also Nationstar v. Shadow Hills Master Ass'n*, Case No. 2:15-cv- 1320-GMN- PAL, 2015 WL 9592498, at *2 (D. Nev. Dec. 31, 2015) (stating Section 38.310 does not apply to beneficiaries of deeds of trust). Other courts in this District have held that the language of NRS 38.310 does not limit its applicability to any particular type of party. *See Nationstar Mortgage, LLc v. Sundance Homeowners Ass'n Inc.*, Case No. 2:15-cv- 01310- GWF- APG, 2016 WL 1259391, at *4 (D. Nev. Mar. 20, 2016) (finding the statute's plain language does not allow for any exceptions based on the identity of the parties to the suit); *See also U.S. Bank, N.A. v. Woodchase Condominium Homeowners Association*, Case No. 2:15-cv-01153-GWF-APG, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016) (beneficiaries of deeds of trust are required to mediate under Section 38.310). The Supreme Court of Nevada has not yet ruled on the issue. *See Nationstar*

*Mortg., LLC v. Sundance Homeowners Ass'n, Inc.*, Case No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *4.

Finally, LEACH argues that BANA's claim must be dismissed for failure to state a claim upon which relief may be granted. LEACH bases this claim on two arguments: first, that the firm is not a proper party to the Bank's claim for quiet title/declaratory relief because LEACH does not claim an interest in the property that is adverse to the bank; and second, that BANA's claims for breach of NRS 116.1113 and wrongful foreclosure fail as a matter of law.

**A. BANA's First Cause of Action: Quiet Title/Declaratory Relief**

Addressing first the matter of whether LEACH is a proper party to the Bank's claim for declaratory relief; the Nevada Supreme Court has found four elements that must be met before declaratory relief can be granted, including who may be considered a proper party:

> (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination. *MB Am., Inc. v. Alaska Pac. Leasing*, 367 P.3d 1286, 1291 (Nev. 2016) (quoting *Kress v. Corey*, 189 P.2d 352, 364 (Nev. 1948)).

The first and second elements require that there be two parties with adverse interests to a claim or right. *Id.* LEACH argues that it has no current interest in the property in question. Therefore, neither the first nor second elements, pertaining to when declaratory relief can be given, are met. This Court accordingly dismisses BANA's first cause of action against Defendant LEACH.

**B. BANA'S Second Cause of Action: Breach of NRS 116.1113**

BANA claims breach of NRS 116.1113 as its second cause of action against Inspirada and LEACH. NRS 116.1113 states that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." BANA alleges that the residential charter that contained the covenants, conditions, and restrictions (CC&Rs) for the Cosgrove's

5

property, made the representation that a lien would only be foreclosed judicially. BANA claims that LEACH breached its obligation of good faith by allegedly failing to foreclose judicially, failing to inform BANA that its security interest was at risk, and then obstructing BANA's efforts to satisfy the lien. LEACH argues that the because the bank is merely a holder of a security interest in the property, there is no relationship between LEACH and BANA upon which the alleged obligation of good faith could lie. In response, BANA contends that NRS 116.3116 also imposes a commercial reasonableness standard for foreclosure of association liens. It is BANA's claim that this standard was violated when the disputed property was sold for a fraction of its market value. Though LEACH and BANA did not form a contract, LEACH may still owe a legal duty to BANA if Chapter 116 also imposes a standard of commercial reasonableness on HOA foreclosure sales.

Chapter 116 clearly creates "an obligation of good faith." NRS 116.1113. Accordingly, chapter 116 has been interpreted as imposing a standard of commercial reasonableness on HOA foreclosure sales as part of the obligation of good faith. *See ZYZZX2 v. Dizon*, No. 2:13-CV-1307-JCM-PAL, 2016 WL 1181666, at *3 (D. Nev. Mar. 25, 2016); *Bayview Loan Servicing, LLC v. Alessi & Koenig*, LLC, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013).

However, under Nevada law, a foreclosure sale cannot be set aside merely because of an inadequate price, there must also be a showing of fraud, unfairness, or oppression. *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982); *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 132 Nev. Adv. Op. 5, 366 P.3d 1105, 1112 (2016).

LEACH argues that there is no proof of fraud, unfairness, oppression, or other grounds upon which to void the sale or show a breach of Chapter 116. However, in addition to BANA's allegations that the property was sold by Inspirada for a fraction of its fair market value, BANA has also alleged that LEACH obstructed BANA's attempts to satisfy the amount of the lien by refusing to provide information necessary for BANA to do so. In a motion to dismiss, the allegations must be taken as true. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted). Therefore, this Court finds that Plaintiff has sufficiently alleged a claim for violation of NRS 116.

**C. BANA's Third Cause of Action: Wrongful Foreclosure**

BANA seeks damages from LEACH and Inspirada for wrongful foreclosure. LEACH argues that BANA's third cause of action must be dismissed because the bank has failed to allege that the prior homeowners were not in default at the time of the foreclosure sale.

> NRS 38.310 states:
> 1. No civil action based upon a claim relating to:
> (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property ...
> ....
> may be commenced in [court] unless the action has been submitted to mediation or arbitration pursuant to the provisions of NRS 38.300 to 38.360....
> Under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

Additionally, NRS 38.310(2) states that "[a] court shall dismiss any civil action which is commenced in violation of the provisions of [NRS 38.310(1) ]." NRS 38.310(2)'s language mandates the court to dismiss any civil action initiated in violation of NRS 38.310(1).

Wrongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting CC&R's applicable to residential property. *See Long v. Towne,* 639 P.2d 528, 530 (1982) (finding no impropriety where "the lien foreclosure sale was conducted under authority of the CC&Rs and in compliance with NRS 107.080"). A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself. *See Collins v. Union Fed. Sav. & Loan,* 662 P.2d 610, 623 (1983). To determine whether an entity violated any conditions or failed to perform any duties required under an association's CC&Rs, a court must interpret the CC&Rs to determine their applicability and enforceability. This type of interpretation falls under NRS 38.310. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (2013). Further, according to NRS 38.330, any complaint filed in a [civil] action must contain a sworn statement indicating that the issues addressed in the complaint have been arbitrated pursuant to the provisions of NRS 38.300 to 38.360, inclusive. This Court finds that NRS 38.310 applies to BANA. Although BANA submitted its claim to

mediation prior to filing this action, mediation did not occur due to NRED's alleged failure to schedule mediation within the time period required by NRS § 38.330. Thus pursuant to NRS 38.310, the Court preserves BANA's claim for wrongful foreclosure.

**IV. Motion for Stay**

On August 12, 2016, the Ninth Circuit issued its decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016) holding that NRS 116 is facially unconstitutional. Under the Ninth Circuit's ruling, BANA contends Inspirada's foreclosure sale could not extinguish BANA's interest because Inspirada conducted its sale under the same unconstitutional statute. *See e.g., Bank of New York Mellon Trust Co., N.A. v. Jentz*, No. 2:15-cv-01167-RCJ-CWH, 2016 WL 4487841, at *4 (D. Nev. Aug. 24, 2016) ("Unless and until [*Bourne Valley*] is vacated or reversed, pre-2015 HOA foreclosures under Chapter 116 cannot be found to have extinguished first deeds of trust[.]") The Court of Appeals issued its mandate in the appeal on December 14, 2016, vacating and remanding the judgment to the United States District Court, District of Nevada.

On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.,* 2017 WL 398426 (Nev. Jan. 26, 2017), holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

The parties in *Bourne Valley* and *Saticoy Bay* are seeking review of both decisions in the United States Supreme Court. Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is April 3, 2017. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753. Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 25, 2017.

On February 8, 2017, the Nevada Supreme Court stayed the issuance of the remittitur in *Saticoy Bay* pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will remain in effect until final disposition

of the certiorari proceedings before the United States Supreme Court.

Since then, several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g., Nationstar Mtg. LLC v. Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF; *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017).

**The Stay is Appropriate**

To determine if a continued stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

**i. Damage from Stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split. It is not clear that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case. The Court finds minimal any possible damage that this stay may cause.

**ii. Hardship or Inequity**

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the petitions for certiorari have been decided. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be prematurely spent. While this is one of the few cases in which multiple supplemental briefs have not been filed, the prospect of that occurrence is greater than not while the petitions are pending.

### iii. Orderly Course of Justice

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the competing arguments that the foreclosure sale either extinguished the mortgagor's security interest or had no legal effect because the statutory scheme violates due process and the takings clause. The United States Supreme Court's consideration of petitions for certiorari in *Bourne Valley* and *Saticoy Bay* has the potential to be dispositive of this case or major discrete issues presented by it. The jurisprudence in this area of unique Nevada law continues to evolve causing parties in the scores of foreclosure-challenge actions pending to file new motions or supplement the ones that they already have pending resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. Staying this case pending the Supreme Court's disposition of the petitions for certiorari in *Bourne Valley* and *Saticoy Bay* will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

Therefore, the Court orders this action stayed. Once the United States Supreme Court proceedings in Bourne Valley and Saticoy Bay have concluded, either party may move to lift the stay.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#18) is **GRANTED IN PART** as it pertains to Plaintiff's first cause of action, and **DENIED IN PART** as it pertains to Plaintiff's second and third causes of action;

IT IS FURTHER ORDERED that Plaintiff's Motion for Stay (#35) is **GRANTED**.

DATED this 16th day of March 2017.

Kent J. Dawson
United States District Judge