UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF AMERICA, N.A., | Case No. 2:16-cv-000673-KJD-CWH |
| Plaintiff, | ORDER |
| v. | |
| INSPIRADA COMMUNITY ASSOCIATION, *et al.*, | |
| Defendants. | |

### I. Background and Analysis

This case emerges from the non-judicial foreclosure sale by Defendant Inspirada Community Association on or about August 22, 2013 of the property located at 233 Via Seranova, Henderson, Nevada 89044 ("the Property"). This case shares a similar fact pattern with many cases currently pending before this Court, all having to do with HOA foreclosure sales. One of the issues before the Court centers in whole or in part around the question of what notice of default the foreclosing party was required to provide Plaintiff prior to its foreclosure sale on the Property. After the Nevada Supreme Court's decision in SFR Invs. Pool 1, LLC v. U.S. Bank, the Ninth Circuit decided Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016) (holding NRS 115.3116(2)'s statutory notice scheme was facially unconstitutional).

On April 21, 2017, in Bank of New York Mellon v. Star Hills Homeowners Ass'n, this Court certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners associations to provide

notices of default to banks even when a bank does not request notice?" <u>Bank of New York Mellon v. Star Hill Homeowners Ass'n</u>, 2017 WL 1439671, at *5 (D. Nev. April 21, 2017).

In granting certification, the Court reasoned the following: In <u>Bourne Valley</u>, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>, 832 F.3d 1154, 1160 (9th Cir. 2016). However, that left the Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state legislation." <u>Cal. Teachers Ass'n v. State Bd. of Educ.</u>, 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See <u>Huddleston v. Dwyer</u>, 322 U.S. 232, 237 (1944).

On August 2, 2018, the Supreme Court of Nevada answered the certified question. See <u>SFR Invs. Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248 (Nev. 2018). Further, it has since issued two new opinions that bear on the issues in this action. See <u>Wells Fargo Bank, N.A. v. Tim Radecki</u>, 2018 WL 4402403 (Nev. September 13, 2018); <u>Bank of America, N.A. v. SFR Invs. Pool 1, LLC</u>, 2018 WL 4403296 (Nev. September 13, 2018) (tender of the superpriority amount prior to foreclosure results in buyer taking property subject to deed of trust).

Additionally, opinions in several cases have directly addressed the Federal Foreclosure Bar issues in this action. See <u>Berezovsky v. Moniz</u>, 869 F.3d 923 (9th Cir. 2017); <u>Elmer v. JPMorgan Chase & Co.</u>, 707 Fed. Appx. 426 (9th Cir. 2017); <u>Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC</u>, 396 P.3d 754 (Nev. 2017).

### A. Stay of the Case

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. <u>Landis v. North Am. Co.</u>, 299 U.S., 248, 254-55 (1936); <u>Dependable Highway Exp., Inc. v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 200). A stay is no longer necessary in this action where the certified question has already been decided.

### B. Briefing Schedule

The parties may either file a stipulation or move the Court for a modified discovery plan and scheduling order as necessary. If the parties fail to do so, dispositive motions are due no later

than forty-five (45) days after the entry of this order. Any future dispositive motions must address the most recent case law applicable to the issues in this action.

**II. Conclusion**

Accordingly, IT IS HEREBY ORDERED that the stay in this action is lifted;

IT IS FURTHER ORDERED that stipulations, motions to modify the discovery plan and scheduling order, or in the absence of such stipulations or motions, dispositive motions are due within forty-five (45) days after the entry of this order.

Dated this 19th day of October, 2018.

_____
Kent J. Dawson
United States District Judge